```
UNITED STATES DISTRICT COURT                                    For Online Publication Only
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
GERALD BROCKLEBANK, #16005076,

                         Plaintiff,
                                                                ORDER
              -against-                                         17-CV-05198 (JMA)(SIL)

NASSAU COUNTY (ARMOR CORPS),

                         Defendant.
----------------------------------------------------------------X
```
**AZRACK, District Judge:**

On September 1, 2017, incarcerated *pro se* plaintiff Gerald Brocklebank ("plaintiff") filed an unsigned *in forma pauperis* complaint against the "Nassau County Correctional Center (Armor Corps)" pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging a deprivation of his Constitutional rights. By Notice of Deficiency dated September 5, 2017, plaintiff was instructed to sign the enclosed copies of his complaint, unsigned *in forma pauperis* application and unsigned Prisoner Litigation Authorization Form ("PLRA") within fourteen (14) days in order for his case to proceed. On September 15, 2017, plaintiff re-filed signed copies of the complaint, the *in forma pauperis* application and the PLRA, but crossed off "Correctional Center" from the complaint, leaving "Nassau County (Armor Corps)" as the defendant. For the reasons that follow, the Court grants plaintiff's application to proceed *in forma pauperis* and *sua sponte* dismisses the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b).

## I.  BACKGROUND

All material allegations in the complaint are assumed to be true for the purpose of this Order. See, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

Plaintiff's handwritten complaint is submitted on the Court's Section 1983 complaint

form with two pages of attachments and an additional twenty-eight (28) pages of exhibits. Plaintiff alleges that he is bringing a "mal-practice claim" because claims he did not receive his properly prescribed medications while incarcerated at the Nassau County Correctional Center ("the Jail"). Plaintiff claims that, upon his arrival at the Jail on July 22, 2016, he informed the medical staff that he takes the following, prescribed medications: Clonidine, Neurontin, Protonix, Zoloft, Welbutrin, and Seriquel. (Compl. at 6.) Plaintiff claims that he submitted sick call slips, and grievances in an effort to obtain his medications. (*Id*.) According to the complaint, beginning in September 2017 through April 2017, plaintiff began receiving 300 mg of Neurontin three times per day. However, plaintiff alleges that he suddenly stopped receiving it and, upon inquiry, was advised by an unidentified source that "too many people abuse it and they only treat diabetics with it." (*Id*.) As a result, plaintiff claims to "have endured severe excruciating pain in both my knees and feet, since the Neurontin was discontinued in mid-April." (*Id*. at 7.) For relief, plaintiff seeks to recover a damages award in the amount of five hundred thousand dollars ($500,000). (*Id*. at 5.)

## II. DISCUSSION

### A. *In Forma Pauperis* Application

Upon review of plaintiff's declaration in support of the application to proceed *in forma pauperis*, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's application to proceed *in forma pauperis* is granted.

### B. Standard of Review

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or

any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a

3

formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

**C.     Section 1983**

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). In order to state a § 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

**1.     Section 1983 Claims Against Nassau County and/or Armor Correctional Health Services, Inc.[2]**

For purposes of this order, the Court presumes that Armor was acting under color of state law in rendering medical services to plaintiff at the Jail. See, e.g., Feder v. Sposato, No. 11-CV-

---

[2]  Given that plaintiff includes "Armor Corps." in the caption of the complaint, the Court liberally construes the complaint to also name Armor Correctional Health Services, Inc. ("Armor") as a defendant. Armor is the medical service provider at the Jail, pursuant to a contract with Nassau County. Whitenack v. Armor Medical, No. 13-CV-2071, 2014 WL 5502300, at *8 (E.D.N.Y. Oct. 30, 2014) ("Armor is a private company that provides medical services for inmates at the [Jail] pursuant to a contract with the Nassau County Sheriff's Department. . . .").

93, 2014 WL 1801137, at * 6 (E.D.N.Y. May 7, 2014) ("Because Armor was hired to fulfill the state's constitutional obligation to provide necessary medical care for its inmates, Armor . . . [was] 'acting under the color of state law' for purposes of Section 1983"). It is well-established that a municipality (such as Nassau County) and a private entity acting under color of state law ( such as Armor) may be liable under Section 1983 only if the "plaintiff proves that action pursuant to official . . . policy of some nature caused a constitutional tort." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978); see also Patterson v. Cnty. of Oneida, 375 F.3d 206, 226 (2d Cir. 2004); Bektic-Marrero v. Goldberg, 850 F. Supp. 2d 418, 432 (S.D.N.Y. 2012) (holding that Monell has been extended to private Section 1983 defendants acting under color of state law). Thus, to impose liability on a municipality or a private entity acting under color of state law, the plaintiff must prove that a policy or custom caused a deprivation of the plaintiff's rights. See Wimmer v. Suffolk Cnty. Police Dep't, 176 F.3d 125, 137 (2d Cir. 1999); see also Rojas v. Alexander's Dep't Store, Inc., 924 F.2d 406, 408 (2d Cir. 1990) (quoting Monell, 436 U.S. at 691 (internal quotation marks omitted)); see also Green v. City of New York, 465 F.3d 65, 82 (2d Cir. 2006) (finding that a hospital was not vicariously liable for any constitutional torts that its employees may have committed).

To establish the existence of a policy or custom, the plaintiff must allege (1) the existence of a formal policy officially endorsed by the defendant, (2) actions taken or decisions made by an official with final decision making authority, (3) a practice so persistent and widespread that it constitutes a custom, or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to a "deliberate indifference" to the rights of those who come in contact with the defendant's employees. Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 478 (E.D.N.Y. 2002); Moray v. City of Yonkers, 924 F. Supp. 8, 12 (S.D.N.Y. 1996) (citations omitted). "[A] single incident in a complaint, especially if it involved only actors below the

policy making level, does not suffice to show a municipal policy." DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998) (internal quotation marks and citation omitted).

Here, as is readily apparent, even affording the *pro se* complaint a liberal construction, there are simply no factual allegations to plausibly suggest that the conduct or inaction of which plaintiff complains was caused by some policy or custom of Nassau County and/or Armor. See Santos v. New York City, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012) ("[A] plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists."). Although plaintiff alleges that "they told me that 'too many people abuse [Neurontin]' and they 'only treat diabetics with it,'" (Compl. at 6), plaintiff does not identify the source of that information. Nor does plaintiff allege that there is actually a policy or practice to limit the dispensing of Neurontin. Rather, plaintiff's vague claim that an unidentified person—who may not even be a Nassau and/or Armor employee, much less a person with final decision making authority—advised him as to the reason that Neurontin would not be dispensed to him is insufficient to allege a plausible Section 1983 claim. Accordingly, plaintiff has not alleged a plausible Section 1983 claim against Nassau County and/or Armor and the complaint is thus dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b).

**D.     Leave to Amend**

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks and citation omitted). Indeed, a *pro se* plaintiff who brings a civil rights action, "should be 'fairly freely' afforded an opportunity to amend his complaint . . . ." Boddie v. New York State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)) (internal quotation marks omitted).

Here, the Court has carefully considered whether plaintiff should be granted leave to amend his complaint and, upon such consideration, grants plaintiff an opportunity to amend his complaint in accordance with this Order. Plaintiff's amended complaint must be labeled as an "amended complaint," bear the same docket number as this Order, 17-CV-5198 (JMA)(SIL), and must be filed within thirty (30) days from the date of this Order. Plaintiff is advised that an amended complaint completely replaces the original, so plaintiff must include all allegations he wishes to pursue against a defendant in the amended complaint. Further, if plaintiff does not file an amended complaint within the time allowed, judgment shall enter and this case shall be closed.

Plaintiff is cautioned that, to the extent that he seeks to pursue a Section 1983 claim for inadequate medical treatment, he "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Johns v. Goord, No. 09-CV-1016, 2010 WL 3907826, at *2 (N.D.N.Y. Sept. 30, 2010) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted). "To establish an Eighth Amendment violation arising out of inadequate medical treatment, a prisoner must prove 'deliberate indifference to [his] serious medical needs.'" Johnson v. Wright, 412 F.3d 398, 403 (2d Cir. 2005) (quoting Estelle, 429 U.S. at 104). In Darnell v. Pineiro, 849 F.3d 17 (2d Cir. 2017), the Second Circuit held that the deliberate-indifference prong of the inquiry applies differently to claims under the Eighth Amendment and the Fourteenth Amendment.[3] Id. at 34-35. The Eighth Amendment imposes a

---

[3] Plaintiff does not allege whether he is a convicted inmate or a pre-trial detainee. Jailed individuals are protected against "deliberate indifference" to "conditions that pose a substantial risk of serious harm" by the Eighth Amendment or the Fourteenth Amendment. Ortiz v. Dep't of Corr., No. 08 Civ. 2195 (RJS) (HBP), 2011 WL 2638137, at *4 (S.D.N.Y. Apr. 29, 2011), report and recommendation adopted sub nom., Ortiz v. Hernandez, 2011 WL 2638140 (S.D.N.Y. July 5, 2011). "The Eighth Amendment, which applies to the States through the Due Process Clause of the Fourteenth Amendment, prohibits the infliction of 'cruel and unusual punishments' on those convicted of crimes." Wilson v. Seiter, 501 U.S. 294, 296-97 (1991). "If the individual is a pretrial detainee, the source of protection is the Due Process Clause of the Fourteenth Amendment." Ortiz, 2011 WL 2638137, at *4 (citations omitted).

subjective standard: To be liable, the prison official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety." Id. at 32 (citing Farmer v. Brennan, 511 U.S. 825, 835 (1994)). In contrast, the Fourteenth Amendment applies an objective standard: The official need only "recklessly fail[ ] to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." Id. at 35 (citing Kingsley v. Hendrickson, 135 S. Ct. 2466 (2015)).

Alternatively, plaintiff may seek to pursue any state law claims, including medical malpractice claims, in state court.

### III. CONCLUSION

For the forgoing reasons, the plaintiff's application to proceed *in forma pauperis* is granted, but the complaint is *sua sponte* dismissed without prejudice for failure to allege a plausible claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Plaintiff is afforded an opportunity to amend his complaint in accordance with this Order. Plaintiff's amended complaint must be labeled as an "amended complaint," bear the same docket number as this Order, 17-CV-5198 (JMA)(SIL), and must be filed within thirty (30) days from the date of this Order. Alternatively, plaintiff may seek to pursue any state law claims, including medical malpractice claims, in state court. If plaintiff fails to file an amended complaint within thirty (30) days from the date of this Order, judgment shall enter and this case shall be closed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  See <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).


**SO ORDERED.**  ____/s/ (JMA)_____
                  Joan M. Azrack
Dated: November 6, 2018         United States District Judge
       Central Islip, New York